IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHOUPIETE CASSEUS,
    Plaintiff,

vs.                                            Case No. 5:08cv378/SPM/EMT

N.B. GILO, et al.,
    Defendants.
_____/

## ORDER

       Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5). Now before the court is Plaintiff's first amended complaint (Doc. 20). From a review of the amended complaint, the court concludes that the facts as presented fail to support a viable claim for relief under § 1983 as to some of the named Defendants. The court therefore will allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

       Before considering the substance of Plaintiff's amended complaint, the court addresses Plaintiff's failure to comply with certain of the court's procedural requirements related to the prosecution of pro se actions. The court first notes that Plaintiff deleted Page 5 of the complaint form, the first page of the Statement of Facts section, which contains the instructions for that section. Plaintiff is informed that he may not delete any pages from the complaint form; rather, he must complete each page of the form in full and follow all instructions provided. It may be that Plaintiff deleted Page 5 because he wished to disregard the instructions contained therein, since that is precisely what he did. Although the instructions direct the preparer to briefly recite the facts of the case, without providing any legal argument, in his amended complaint Plaintiff provides few facts explaining how each Defendant was involved in the alleged violation of his rights. Rather, for the most part Plaintiff provides a redundant, rote, and verbose legal argument prefaced at the beginning

of every paragraph with the unnecessary statement, "Plaintiff affirmatively asserts . . . ." In amending, Plaintiff should provide a clear, unadorned, succinct statement of the facts, preferably in chronological order, that explains <u>who</u> was involved in the alleged violation of his rights, <u>what</u> this individual did or did not do to violate his rights, and <u>when</u> and <u>where</u> the alleged violations occurred. No legal arguments, including repeated recitations of the standards applicable to an Eighth Amendment medical claim, should be included.

Plaintiff names six Defendants in this action: N.B. Gilo, the chief health officer at Gulf Correctional Institution ("GCI"); P. Sexton, a GCI advanced registered nurse practitioner; R. Riley, a GCI senior registered nurse; GCI Warden R.P. Tifft; Walter McNeil, Secretary of the Florida Department of Corrections ("DOC"); and K. Ake, WCI senior health services administrator (Doc. 20 at 1–2a). To the extent it may be gleaned from the prolix Statement of Facts section of the amended complaint (*id.* at 5–5e), the gist of Plaintiff's claim appears to be that he has not received appropriate medical treatment for a painful, grossly infected pilonidal cyst on his right buttock.[1] As a result of the inadequate treatment he asserts he has received, Plaintiff has experienced "festers" on his body, oozing pus, inflammation, itching, swollen testicles, scarring, cold sweats, chills, fever, and dizziness. Plaintiff apparently attributes his condition to "attempted treatment" by Defendant Sexton, Defendant McNeil's refusal to authorize the purchase and use of effective antibiotics, and Defendant Riley's failure to properly record or otherwise respond to Plaintiff's complaints. According to Plaintiff, specific antibiotics and surgery are indicated for the treatment of his condition which he has not received. Plaintiff also apparently complains that although he submitted numerous grievances regarding his condition to Defendant Ake, no corrective action has been taken. Moreover, Plaintiff alleges, Defendant Tifft has failed to take corrective action concerning his subordinates' conduct, although he should have been aware of such conduct from Plaintiff's grievances and communications from other persons. Likewise, Plaintiff alleges, Defendant Gilo had knowledge of Plaintiff's infected cyst—a condition from which numerous other GCI inmates also suffered—through grievances he received, yet he took no corrective action. Plaintiff claims that through their deliberate indifference to his serious medical needs Defendants have violated his rights

---

[1] A pilonidal cyst is one "having hair as a main feature." <u>Attorney's Illustrated Medical Dictionary</u> P38 (1997).

under the Eighth Amendment. Plaintiff seeks, *inter alia*, declaratory relief, an injunction requiring Defendants to provide him with adequate medical treatment and to remove the pilonidal cyst, and compensatory and punitive damages (*id.* at 6).

As was true with respect to Plaintiff's initial complaint, in his amended complaint Plaintiff again fails to state a constitutional claim of inadequate medical treatment. Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)). Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id.* (citations omitted). Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. *Id.* at 1258. As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need." Estelle v. Gamble, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient

as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

As the court noted in its prior order directing amendment, Plaintiff does not allege a complete denial of medical care; rather, he challenges the adequacy of the care received and the medical judgments made. Plaintiff apparently acknowledges that he was seen by medical personnel repeatedly and received antibiotics for his condition. Although Plaintiff may disagree with the medical judgments made by Defendants Riley and Sexton, they apparently believed that Plaintiff's condition did not warrant the care Plaintiff demands. As Plaintiff has been informed, the fact that the medical opinions of Defendants Riley and Sexton differ from Plaintiff's opinion regarding his treatment does not support a claim of cruel and unusual punishment. *See* Harris, 941 F.2d at 1507 (where treatment has been received and the dispute is over the adequacy of that treatment, courts

should be reluctant to question the accuracy or appropriateness of medical judgments ). Similarly, an alleged failure by Defendant McNeil to authorize the use of the particular antibiotics Plaintiff believes are necessary for the treatment of his cyst does not state a claim for relief: such conduct does not implicate an objectively serious deprivation, i.e., a response to a serious medical need that unnecessarily and wantonly inflicts pain, or a subjective intent to punish. Estelle, 429 U.S. at 105–06. At most, if at all, Plaintiff has alleged negligence or medical malpractice, neither of which rises to the level of a constitutional tort actionable pursuant to § 1983; instead, the proper forum for such claims is state court. Therefore, unless additional facts exist and are alleged, Plaintiff's Eighth Amendment claim against Defendants McNeil, Sexton, and Riley appears subject to dismissal.

Plaintiff has also failed to state an Eighth Amendment claim against Defendants Gilo, Tifft, and Ake. To the extent he seeks to hold these Defendant liable on a respondeat superior theory of liability, Plaintiff is again informed that supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level

of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, other than with the possible exception of a rote recitation of the applicable legal standard—which is not sufficient to state a claim for relief—Plaintiff does not allege that Defendants Gilo, Tiff, or Ake personally participated in the alleged unconstitutional conduct involving his medical treatment; his only allegation concerning them appears to be that these Defendants denied Plaintiff's grievances and/or appeals concerning his medical treatment. Plaintiff does not, in any meaningful way, allege that they directed any subordinate to act unlawfully or knew that a subordinate would act unlawfully and failed to stop the subordinate from doing so. Similarly, in no meaningful way does Plaintiff allege the existence of a history of widespread inadequate medical care that put these Defendants on notice of the need to correct the alleged deprivation, and they failed to do so. Likewise, other than simply reciting the legal standard, Plaintiff does not allege the existence of a custom or policy of GCI that resulted in deliberate indifference to Plaintiff's constitutional rights. Therefore, Plaintiff should drop Defendants Gilo, Tifft, and Ake from this action unless additional facts exist and are alleged to support claims against them.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts,

Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked, **"Second Amended Complaint."** In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 22nd day of September 2010.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**